## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MITCHELL DODD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-cv-00327-SH |
| | ) | |
| INDIAN HEALTH CARE RESOURCE | ) | |
| CENTER OF TULSA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION AND ORDER

Before the Court is Plaintiff's motion to quash document subpoenas that seek employment records for jobs he held from 13 to 24 years ago—including the restaurant he cooked at in high school. The Court finds Plaintiff has standing to challenge the subpoenas and that the information sought is not relevant and proportional to the needs of the case. Plaintiff's motion will be granted.

### Background

Plaintiff Mitchell Dodd ("Dodd") was an employee of Defendant Indian Health Care Resource Center of Tulsa, Inc. ("Indian Health") from March 2011 to August 2022, most recently working as an IT manager. (ECF No. 2 ¶¶ 7–8; ECF No. 9 ¶¶ 7–8.) Dodd claims he was terminated in retaliation for complaining that Indian Health was discriminating against other employees in active military service in violation of the Uniform Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 *et seq.* (ECF No. 2 ¶¶ 3, 20–21.) Indian Health argues that Dodd was fired, because he was unqualified for his job, performed poorly, and was combative and unprofessional with coworkers. (ECF No. 15 at 1–2; ECF No. 26 at 2.) The parties are now engaged in discovery practice.

On September 27, 2024, Indian Health issued a series of document subpoenas to various entities, seeking "[a]ny and all employment-related records for" Dodd. (ECF Nos. 25-1–25-4.)  The four entities appear to be prior employers listed on Dodd's 2006 and 2011 job applications to Indian Health—(1) Pasti Italian Grill, where Dodd worked as a line cook from May 2000–June 2002, his last two years of high school; (2) Wal-Mart Store #10, where Dodd worked as a cashier from May 2002–June 2004; (3) the Boys and Girls Club of Tahlequah, where Dodd worked as a technology coordinator from March 2002 to, perhaps, sometime in 2011; and (4) the Salvation Army, where Dodd worked as a systems manager from October 2007 to February/March 2011.  (ECF No. 25-1–25-5.) The entities have not objected to the subpoenas.   (ECF No. 26 at 1.)

Dodd has moved to quash the subpoenas, arguing they seek information that is not relevant to any party's claim or defense and is disproportionate to the needs of the case, and arguing the subpoenas are oppressive.  (*E.g.,* ECF No. 25 at 7–14.)  Indian Health argues that Rule 26 should be liberally read to permit wide-ranging discovery, excluding only information that has no conceivable bearing on the case.  (ECF No. 26 at 3–4.) Indian Health asserts that the information sought is relevant (*id.* at 5–8) and that Dodd lacks standing to challenge the subpoenas for harassment or oppression (*id.* at 8–10).

## Analysis

### I.    Plaintiff Has Standing to Object

Dodd has standing to object to the four subpoenas.  "Generally, absent a claim of privilege, or personal or proprietary interest, a party lacks standing to challenge a subpoena served on a third party." *Clark v. Johnson*, No. 14-CV-582-JED-PJC, 2015 WL 4694045, at *1 (N.D. Okla. Aug. 6, 2015).  Here, Dodd has a personal or proprietary interest in his prior employment records.  *See id.* ("Courts have long held that in the

context of civil discovery, an individual has a personal interest in certain records—e.g., . . . employment records—sufficient to provide standing to challenge a subpoena for their disclosure, even where that information is maintained by a third party.").

Indian Health does not dispute this general statement of standing but argues that Dodd's real complaint is about "undue burden or expense," which only the subpoenaed third party can assert. At a high level, this argument is correct—"Even if a party has standing to challenge a subpoena directed to a third party on privacy or privilege grounds, he may not challenge that subpoena on the grounds that the information imposes an undue burden on the subpoenaed party." *Pub. Serv. Co. v. A Plus, Inc.*, No. CIV-10-651-D, 2011 WL 691204, at *5 (W.D. Okla. Feb. 16, 2011).

But Dodd does not complain of the burden on these former employers. Instead, Dodd argues that Indian Health is seeking employment records that are irrelevant to any claims or defenses and that may be used for oppression. (ECF No. 25 at 5–8.) Indian Health cites no authority for the assertion that Dodd cannot make such an argument, and it would be contrary to Rule 26 to so. Rule 26 provides that a party may move for a protective order to protect "a party or person from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c)(1).

Here, the subpoenas at issue seek Dodd's employment records, apparently from every job he has held since high school, and explicitly including a wide-range of information about Dodd—personnel files, background checks, benefit enrollment forms, time sheets, attendance records, payroll records, performance reviews, disciplinary records, and termination documentation. (*E.g.,* ECF No. 25-1 at 4.)

Dodd has standing to object to the relevance, proportionality, and oppressiveness of these requests. And, in any event, the Court always has the inherent power to limit

irrelevant or non-proportional discovery requests.  *Copeland v. C.A.A.I.R., Inc.*, No. 17-CV-564-TCK-JFJ, 2020 WL 972754, at *3 (N.D. Okla. Feb. 28, 2020).  "On motion or on its own, the court <u>must</u> limit the frequency or extent of discovery . . . if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C)(iii) (emphasis added).

## II.   The Discovery Sought Is Not Relevant and Proportional to the Needs of this Case

Citing many out-of-circuit cases and outdated principles, Indian Health misstates the burdens on the parties and the scope of permissible discovery in federal court.  Under the current version of Rule 26,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  The Court provides the entirety of this sentence for a reason—the rule does not ask merely whether a piece of information is marginally relevant, nor is it focused solely on burden.  Instead, the proper scope of discovery is that which is <u>both</u> relevant to the claims or defenses <u>and</u> proportional to the needs of the case, <u>considering</u> the various factors.

So, first, let's look at Indian Health's argument that Dodd has the burden "to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance . . ., or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."  (ECF No. 26 at 5–6 (quoting *Gen. Elec. Cap. Corp. v. Lear*

*Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003)).)  This argument does not reflect the balance sought by Rule 26.  In adopting the 2015 amendment, the Advisory Committee outlined multiple attempts over the years to revise Rule 26 to deal with the problem of over-discovery, to encourage judges to identify and discourage discovery overuse, and to encourage the parties to consider proportionality.  Fed. R. Civ. P. 26, advisory ctte.'s note to 2015 am.  Despite these attempts, dating back to 1983, the Advisory Committee found that changes were again necessary to reinforce the "obligation of the parties to consider [the proportionality] factors in making discovery requests, responses, or objections."  *Id.* In so doing, the Committee made it clear that the "burden" does not rest on a particular party in considering the proportionality factors.  *Id.*

> The parties may begin discovery without a full appreciation of the factors that bear on proportionality. . . . Many of these uncertainties should be addressed and reduced in the parties' Rule 26(f) conference and in scheduling and pretrial conferences with the court. But if the parties continue to disagree, the discovery dispute could be brought before the court and the parties' responsibilities would remain as they have been since 1983.  A party claiming undue burden or expense ordinarily has far better information--perhaps the only information--with respect to that part of the determination.  A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them.  The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery.

*Id.*  There is no "presumption in favor of broad disclosure," and there is no set burden on the party opposing discovery to show its irrelevance; *General Electric Capital Corporation*, 215 F.R.D. at 640, is not consistent with Rule 26.

The Court similarly rejects Indian Health's assertion that "[t]he subpoenas are reasonably calculated to lead to the discovery of admissible evidence and should be permitted." (ECF No. 26 at 2.)  The phrase "reasonably calculated to lead to the discovery

of admissible evidence" was deleted from Rule 26 <u>precisely because</u> it "has been used by some, incorrectly, to define the scope of discovery." Fed. R. Civ. P. 26, advisory ctte.'s note to 2015 am.[1]

Now, let's turn to the arguments for the relevance and proportionality of the information actually sought by Indian Health. The Court first looks to Indian Health—the party claiming the requests are important to resolve the issues in the case—to explain the way the information bears on those issues as it understands them. *See* Fed. R. Civ. P. 26, advisory ctte.'s note to 2015 am. Indian Health offers three arguments, all based on generalities—(1) that Dodd's prior employment records would be relevant to his employment at Indian Health; (2) that Dodd's prior employment records would be relevant to his credibility; and (3) that Dodd's prior employment records would be relevant to his claim for emotional distress damages. (ECF No. 26 at 6–8.)

In its first argument, Indian Health cites a single case for the proposition that plaintiffs' performance reviews and evaluations from prior employers "could be relevant to plaintiffs' performance at [the defendant] and the legitimacy of any purported reasons presented by [the defendant] for their termination." *Stewart v. Orion Fed. Credit Union*, 285 F.R.D. 395, 399 (W.D. Tenn. 2012). The Court notes that the *Stewart* case does <u>not</u> state, as defense counsel represents, that all of an employee's "employment-related records" have this potential relevance. (ECF No. 26 at 6.) Instead, in *Stewart*, the defendant initially sought the same broad range of employment records as Indian Health is seeking here—but it later narrowed the scope of its request to performance reviews, reasons for termination, payroll history, and employment applications. 285 F.R.D. at

---

[1] Plaintiff's counsel is similarly cautioned about citations to outdated authorities, including the misquotation of Rule 26(b)(2)(C)(iii). (*See* ECF No. 27 at 2.)

397–98.  The *Stewart* court only considered the propriety of this narrowed request.  *Id.*
at 398.  The *Stewart* court also limited the temporal scope of discovery to the seven years
prior to the plaintiffs working for the defendant.[2]  *Id.*  And, the *Stewart* court made this
decision while applying a "quite broad" view of discovery that "allows any 'line of
interrogation [that] is reasonably calculated to lead to the discovery of admissible
evidence.'"  *Id.* (citation omitted).  Even putting the problems with *Stewart* aside, all
Indian Health has offered this Court is an assertion that, in some cases, such information
"could" be relevant.  Indian Health also mentions in passing that it terminated Dodd "due
not only to his poor IT-related performance, but also due to his poor communication skills
and inappropriate interactions with staff members at the Clinic that created a toxic work
environment."  (ECF No. 26 at 6.)  But it does not explain the ways in which Dodd's full
employment records from a decade or two prior would bear on this issue.  The Court
instead is left to speculate.  Is Indian Health asserting that a write-up Dodd received in
high school at an Italian restaurant (if it existed) would bolster Indian Health's argument
that it terminated Dodd after 11 years of employment based on his poor communication
skills?  At most, this would seem to be marginally relevant and not proportional to the
needs of the case, given the importance of such discovery in resolving the issues and the
parties' relative access to relevant information.

   In its second argument, Indian Health argues that Dodd's prior employment
records "could contain information that bears upon [his] credibility."  (ECF No. 6 at 7.)
How this might occur is left completely unexplained.  Indian Health cites three cases—all

---

[2] Dodd represents that Indian Health's counsel rejected offers to limit the subpoenas to
dates of employment, pay information, or other complaints of employment discrimina-
tion, and to the two most recent employers.  (ECF No. 25 at 3.)

decided without reference to proportionality and two of which relate to discovery of prior discrimination claims, not a wholesale inquiry into the entirety of a plaintiff's employment history.[3]   *See E.E.O.C. v. Buffalo Broad. Co.*, 163 F.R.D. 178, 179–80 (W.D.N.Y. 1995) (approving discovery request into prior complaints of age discrimination as pertinent to defense that plaintiff's discrimination claim is frivolous and to credibility); *Travers v. Travenol Lab'ys, Inc.*, 94 F.R.D. 92, 93 (N.D. Ill. 1982) (allowing discovery into evidence of discrimination charge against prior employer), *aff'd*, 723 F.2d 66 (7th Cir. 1983).   Indian Health is avowedly on a fishing expedition, one it seems to think the Seventh Circuit's former Judge Posner would endorse.   Counsel should be cautious when pulling a clever turn of phrase from old cases—even when it relates to fishing.   (ECF No. 26 at 2.)   What Judge Posner actually said in 2004 is not an endorsement of unfettered discovery without explanation, quite the opposite:

> [O]f course, pretrial discovery is a fishing expedition and one can't know what one has caught until one fishes.   But Fed. R. Civ. P. 45(c) allows the fish to object, and when they do so the fisherman has to come up with more than the government has been able to do in this case despite the excellence of its lawyers.

*Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 931 (7th Cir. 2004).   In *Northwestern Memorial*, the government wanted certain medical records on the possibility that, in them, it might find something that would have value in impeaching the credibility of the plaintiff in a suit.   *Id.* at 924, 927.   When the hospital argued a lack of probative value, the government "responded in generalities," stating the plaintiff had made assertions of fact that the government should be permitted to test—but the government "had not indicated

---

[3] The other case stated, without any analysis, that the information sought from the plaintiff's former employers "could contain information that bears upon [the plaintiff's] credibility."   *Jackson v. Parker*, No. 08 C 1958, 2008 WL 4844747, at *2 (N.D. Ill. Nov. 7, 2008).   The undersigned finds this case unpersuasive given its lack of reasoning.

what assertions these were or how the records might bear on them." *Id.* at 927.  The *Northwestern Memorial* court affirmed quashing the subpoena.  *Id.* at 933.  Indian Health has given the Court far less to work with than that rejected in *Northwestern Memorial.*

In its third and final argument, Indian Health asserts that Dodd's prior employment records "are relevant to Plaintiff's alleged emotional distress damages," because they "may demonstrate that Plaintiff suffered from other incidents in his past that contributed to or exacerbated his alleged emotional distress . . . ." (ECF No. 26 at 7.)  Again, Indian Health offers no facts from this case that would indicate that Dodd's own, aged employment records would have such relevant information.  In any event, Dodd disclaims that emotion distress damages are asserted or even allowable in this matter.  (ECF No. 27 at 5.)

Taking a step back, the Court returns to its responsibility under Rule 26—to consider all the information provided by the parties and all the factors—to reach a case-specific determination of the appropriate scope of discovery.  *See* Fed. R. Civ. P. 26, advisory ctte.'s note to 2015 am.  Looking at that information, the Court finds speculative and—at best—marginal relevance, and that the discovery sought is not proportional to the needs of this particular case.  Fed. R. Civ. P. 26(b)(1).  As such, the Court is obligated to limit the extent of discovery under Rule 26(b)(2)(C)(iii).  This is not to say that prior employment records are never discoverable in an action for retaliatory discharge, or even that none of Dodd's prior records would have been discoverable had Indian Health provided any detail about why it was seeking those records.  The Court is limited to the

information it has and is obligated to make a decision about this particular case. Defendant's subpoenas will be quashed.[4]

IT IS THEREFORE ORDERED that Plaintiff's Motion to Quash Subpoenas (ECF No. 25) is GRANTED.  The subpoenas to the Boys and Girls Club of Tahlequah (ECF No. 25-1), Pasti Italian Grill (ECF No. 25-2), the Salvation Army (ECF No. 25-3), and Wal-Mart Store #10 (ECF No. 25-4) are hereby QUASHED.

ORDERED this 1st day of November, 2024.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[4] The Court does not reach any arguments that discovery should be limited to protect Dodd from oppression under Rule 26(c)(1).